IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITIES, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF DEFENSE, *et al.*,<br><br>Defendants. | No. 1:25-cv-11740-BME |

### DECLARATION OF JASON O. DAY

Pursuant to 28 U.S.C. § 1746, I, Jason O. Day, declare as follows:

1. I am employed as the Research Policy Director in the Office of the Under Secretary of Defense for Research and Engineering (OUSD(R&E)), Department of Defense (DoD).

2. I have held this position since January 2022.

3. In my current position, I am responsible for administering policy for assistance awards throughout DoD and its components.

4. On May 14, 2025, Secretary of Defense Pete Hegseth issued memorandum *Implementation of a 15% Indirect Cost Cap on Assistance Awards to Institutions of Higher Education* ("Hegseth Memo").

5. On June 12, 2025, Under Secretary of Defense for Research and Engineering Emil Michael issued memorandum *Implementation of a 15% Indirect Cost Cap on Assistance Awards to Institutions of Higher Education* ("Michael Memo").

1

6. Plaintiffs filed suit on June 16, 2025, seeking, among other things, to vacate the above-referenced memoranda and to prohibit Defendants from implementing a 15% indirect cost cap on assistance awards to institutions of higher education ("IHEs"). On June 16, 2025, Plaintiffs moved for a temporary restraining order (TRO). Doc. No. 13 ("Motion").

7. On June 17, 2025, the Court granted the Motion and issued a TRO prohibiting Defendants "from implementing, instituting, maintaining, or giving effect to the immediately effective portions of the Rate Cap Policy, *i.e.*, those portions implementing a 15% cap for all awards issued on or after June 12, 2025, including but not limited to rejecting or treating adversely proposals for DOD funding submitted at universities' negotiated rates rather than the 15% rates." Doc. No. 48 at 1.

8. The TRO further ordered that "within 24 hours of entry of this Order, Defendants provide written notice of the Order to all funding recipients affect by the Rate Cap Policy and that, within 48 hours of entry of this Order, Defendants notify the Court that they have done so." Doc. No. 48 at 1.

9. On June 18, 2025, DoD published a post containing the Michael Memo and an accompanying statement on CTO.mil, OUSD(R&E)'s public website, under "News & Events." The link for that post takes the user to https://www.cto.mil/notice-indirect-cost-rates/, the page containing the Michael Memo and accompanying statement. The page, titled "Notice on Indirect Cost Rates for Assistance Awards to Institutions of Higher Education," states:

> Under Secretary of Defense for Research and Engineering Emil Michael signed the attached memorandum on June 12, 2025, to deviate from negotiated indirect cost rates for assistance awards to institutions of higher education and to implement a 15% indirect cost rate cap for awards to such institutions.
>
> As of June 17, 2025, plaintiffs in the *AAU v. DoD* indirect cost rate litigation (D. Mass., No. 25-cv-11740) have filed suit and received a temporary restraining order (TRO). The TRO prohibits DoD "from implementing, instituting,

    maintaining, or giving effect to the immediately effective portions of the Rate Cap Policy, *i.e.*, **those portions implementing a 15% cap for all awards issued on or after June 12, 2025, including but not limited to rejecting or treating adversely proposals for DOD funding submitted at universities' negotiated rates rather than the 15% rate.**" DoD will comply with the terms of the TRO while it remains in effect. Additionally, DoD will pause efforts to renegotiate rate caps for existing awards to institutions of higher education for the duration of the TRO.

    DoD awards to institutions of higher education issued while the TRO remains in effect will not implement the attached memo. However, awards made during this time should include a term stating that the policies of the memo will be applicable for the entirety of the award if there is a court decision permitting application of the policies.

    10. In addition, on June 18, 2025, DoD sent an email to DoD Component Grant Policy Directors instructing them to communicate immediately to funding recipients affected by the Hegseth and Michael Memos that implementation of the standard 15% indirect cost rate limit for IHEs has been temporarily paused pursuant to the TRO. The email communication provided notice of the TRO and explained that, while the TRO remains in effect, DoD Components cannot issue new awards that implement the Hegseth and Michael Memos. New awards should instead include a term stating that the policies of the memos will be applicable for the entirety of the award if there is a court decision permitting application of the policies.

    11. On June 18, 2025, DoD Components initiated mass distribution emails to current IHE funding recipients affected by the Hegseth and Michael Memos. The emails provided written notice that implementation of the standard 15% indirect cost rate limit for IHEs has been temporarily paused. Given the significant amount of time required to operationalize mass email communications of this nature, DoD prioritized communications from the DoD Components that fund the greatest number of IHEs. As of this filing, the following DoD Components have provided written notice to current IHE funding recipients: Defense Contract Management Agency, Defense Advanced Research Projects Agency, Defense Health Agency, Defense

POW/MIA Accounting Agency, Office of Naval Research, Army Contracting Command, Air Force 10th Contracting Squadron, Air Force Research Laboratory, Washington Headquarters Services, and Uniform Services University of the Health Sciences.  Approximately 95% of current IHE funding recipients have received these communications.  The email communications provided notice of the TRO and explained that new DoD awards issued while the TRO remains in effect will not implement the Hegseth and Michael Memos, but will include a term stating that the policies of the memos will be applicable for the entirety of the award if there is a court decision permitting application of the policies.  The remainder of DoD Components with IHE funding recipients are working to provide written notice to those institutions and expect notification to be completed by June 23, 2025.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 19th day of June, 2025.

DAY.JASON.OWEN.1537875484
Digitally signed by DAY.JASON.OWEN.1537875484
Date: 2025.06.19 10:33:38 -04'00'

Jason O. Day
Research Policy Director, OUSD(R&E)
Department of Defense