# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASSOCIATION OF AMERICAN UNIVERSITIES, *et al.* | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 1:25-cv-11740-BEM<br>) |
| DEPARTMENT OF DEFENSE, *et al.*, | )<br>) |
| Defendants. | )<br>) |

**RESPONSE TO QUESTIONS POSED BY COURT DURING THE JULY 2, 2025 HEARING ON PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER**

Defendants Department of Defense and Pete Hegseth, in his official capacity as Secretary of the Department of Defense, respectfully submit this supplemental brief addressing the following two issues, as requested by the Court at the July 2, 2025 hearing on Plaintiffs' Motion for a Temporary Restraining Order ("Motion") (Doc. No. 13): (1) the relevancy of *Trump v. CASA, Inc.*, 606 U.S. ---, 2025 WL 1773631 (June 27, 2025), to the relief sought in the Motion, and (2) the proposed track of this case if an injunction or stay is granted. *See* Doc. No. 63 (clerk's notes for hearing).[1]

With respect to the first issue, *CASA* governs the scope of preliminary injunctive relief that may be granted in this case, requiring such relief to be tailored to the named plaintiffs and the members of associational plaintiffs that have established standing and demonstrated irreparable harm. Universal injunctive relief is neither permissible nor needed to provide "complete relief" to those Plaintiffs. Moreover, Plaintiffs cannot sidestep *CASA* through the Administrative Procedure Act's ("APA") provision for relief pending review of final agency action. *See* 5 U.S.C. § 705. That provision merely incorporates the equitable remedies traditionally available to courts, which were the subject of *CASA*. And where, as here, the remedy invoked, whether in name or in effect, is a preliminary injunction, the rules and restrictions incumbent to preliminary injunctions continue to apply, including Rule 65(c)'s security requirement.

With respect to the second issue, if the Court issues a preliminary injunction, the parties, after consultation, mutually propose that the case proceed to summary judgment. The parties' proposed summary judgment schedule is set out in Section II below.

---

[1] Defendants' Opposition to Plaintiffs' Motion for a Temporary Restraining Order (Doc. No. 58), filed on June 24, 2025, sets forth several jurisdictional and merits-based reasons the Court should deny the Motion and dissolve the temporary restraining order (Doc. No. 48). For those reasons, denial of the Motion is the correct result.

1

# ARGUMENT

I. **Under *CASA*, Preliminary Relief Must Be Specific To The Plaintiffs In This Case That Have Demonstrated Irreparable Harm.**

   A. **Universal Preliminary Injunctive Relief Is Unlawful.**

Plaintiffs' Motion invokes Federal Rule of Civil Procedure 65(b) to request that Defendants be preliminarily enjoined from implementing the Policy[2] writ large, both as to Plaintiffs and non-plaintiff grantees. Specifically, the Motion asks the Court to "temporarily restrain[] Defendants, their agents, and anyone acting in concert or participation with Defendants from implementing, instituting, maintaining, or giving effect to the immediately effective portions of the Rate Cap Policy, *i.e.*, those portions implementing a 15% cap for all awards issued on or after June 12, 2025, including but not limited to rejecting or treating adversely proposals for DOD funding submitted at universities' negotiated rates rather than the 15% rate." Doc. No. 13 at 2. By the terms of Plaintiffs' request, they seek a universal injunction, and do not ask the Court to appropriately limit relief to those Plaintiffs who have sought and demonstrated entitlement to it.

*CASA* makes clear that such unlimited preliminary injunctive relief, untethered to the plaintiffs in a litigation, is unlawful. Specifically, the Supreme Court addressed "universal injunctions"—remedies that bar the defendant from enforcing "a law or policy against anyone"—issued under the equitable authority granted courts by the Judiciary Act of 1789. 2025 WL 1773631, at *4 (emphasis omitted). Because "[n]either the universal injunction nor any analogous form of relief was available . . . at the time of the founding," the "universal injunction . . . falls outside the bounds of a federal court's equitable authority under the Judiciary Act." *Id.* at *6, 8.

---

[2] As used herein, "Policy" refers to the June 12, 2025 memorandum issued by the Under Secretary of Defense for Research and Engineering that sets out a 15 percent indirect cost rate limit for financial assistance awards issued to institutions of higher education. Compl. Ex. B, Doc. No. 1-2.

At most, a court granting equitable relief "may administer complete relief between the parties." *Id.* at *11 (emphasis and citation omitted). Thus, under *CASA*, at most, the Court may grant the preliminary injunctive relief requested in the Motion only with respect to the named plaintiffs and the members of associational plaintiffs that have established standing and demonstrated irreparable harm—the Court cannot enjoin Defendants from implementing the Policy writ large.

Nor is this a case in which granting appropriate relief to a plaintiff necessarily and incidentally amounts to a grant of universal relief. *See CASA*, 2025 WL 1773631, at *11–12. Granting a narrowly tailored stay or injunction that restrains the Defendants from applying the 15 percent indirect cost rate limit for all new assistance awards to some or all of the Plaintiffs will provide full relief to those Plaintiffs, in that they may submit proposals with their negotiated indirect cost rate and DoD will be enjoined from "rejecting or treating adversely proposals for DOD funding submitted at universities' negotiated rates rather than the 15% rate." Doc. No. 13 at 2. In other words, this is not a case in which "it is all but impossible" to "craft relief" that is limited to the plaintiffs' injuries. *CASA*, 2025 WL 1773631, at *11 n.12. Thus, because preliminary relief narrowly tailored to some or all of the Plaintiffs in this case provides those Plaintiffs with full relief for the irreparable injuries they have asserted, *CASA* mandates that the Court may go no farther.

**B. Preliminary Relief Under The APA Is Subject To The Equitable Principles Espoused In CASA.**

Even if, despite the Motion's express invocation of Rule 65(b), the Motion is understood as a request for a stay or for preliminary relief under the APA, 5 U.S.C. § 705, the traditional equitable principles *CASA* identified continue to control.

Section 705 authorizes courts to "issue all necessary and appropriate process" to postpone an agency action or "to preserve status or rights pending conclusion of the review proceedings"

3

"[o]n such conditions as may be required and to the extent necessary to prevent irreparable injury." 5 U.S.C. § 705. Section 705's incorporation of "necessary and appropriate process" was "primarily intended to reflect existing law," not to "fashion new rules of intervention for District Courts." *Sampson v. Murray*, 415 U.S. 61, 68 n.15 (1974). And by providing for relief needed "to prevent irreparable injury" that "preserve[s] status or rights," section 705 quintessentially invokes equitable remedies. Section 705 thus did not create a new remedy unbounded by traditional equitable principles—including, as relevant here, the "party-specific principles that permeate our understanding of equity." *CASA*, 2025 WL 1773631, at *7.

Section 705's history confirms this scope. The House report that accompanied the APA explained that section 705 authorizes "equitable" relief that "would normally, if not always, be limited to the parties complainant." H.R. Rep. No. 79-1980, at 43 (1946). In that vein, early cases invoking section 705 involved agency decisions to deny or revoke some benefit to the complaining party specifically, rather than facial challenges to generally applicable rules. *See, e.g.*, *Hamlin Testing Lab'ys, Inc. v. U.S. Atomic Energy Comm'n*, 337 F.2d 221, 221 (6th Cir. 1964) (denying request to stay order denying license renewal); *Trans World Airlines v. Civ. Aeronautics Bd.*, 184 F.2d 66, 69–70 (2d Cir. 1950) (denying stay of agency order permitting airline merger). And courts since have acknowledged that traditional principles of equity govern relief under section 705 by applying the traditional four-factor injunction test to evaluate section 705 motions. *See, e.g.*, *Colorado v. EPA*, 989 F.3d 874, 883 (10th Cir. 2021) ("These four [preliminary injunction] factors also determine when a court should grant a stay of agency action under section 705 of the APA.").

Moreover, this understanding of section 705 comports with the Supreme Court's recent interpretation of analogous language in the National Labor Relations Act, which permits courts "to grant . . . such temporary relief . . . as it deems just and proper." *Starbucks Corp. v. McKinney*,

4

602 U.S. 339, 345 (2024) (quoting 29 U.S.C. § 160(j)). The Supreme Court read this language to "empower[] courts to grant equitable relief" and to require that they "exercise that authority in a manner consistent with traditional principles of equity." *Id.* For section 705, just as for the similarly phrased National Labor Relations Act, "[n]othing . . . displaces the presumption" that "traditional [equitable] principles govern." *Id.*; *see also, e.g.*, *Hecht Co. v. Bowles*, 321 U.S. 321, 330 (1944) (courts should not "lightly impl[y]" a "major departure" from the "long tradition" of equity when interpreting a remedial statute).

Other sources further confirm that section 705 should not be understood to break from equitable principles. The Supreme Court recognized before the APA's enactment that the power to stay an agency order pending review is part of a federal court's "traditional equipment for the administration of justice." *Scripps-Howard Radio, Inc. v. FCC*, 316 U.S. 4, 9–10 (1942). And a treatise published soon after the APA's enactment observed that section 705 merely "relates the power granted under the All Writs statute to the review of administrative orders" rather than changing existing law on remedies. Louis L. Jaffe, Judicial Control of Administrative Action 662 (1965). Another treatise similarly recounted that the section 705 remedy "is an equitable power, to be exercised 'upon such conditions as may be required.'" Tom C. Clark, Attorney General's Manual on the Administrative Procedure Act 106 (1947).

As the text, Supreme Court precedent, the applicability of the four-factor injunction test, and other authorities confirm, section 705 is bounded by traditional equitable principles, just like the Judiciary Act of 1789. And just as those principles foreclose universal preliminary injunctions, they likewise foreclose universal relief under section 705.

      **C.**    **The APA Does Not Waive Rule 65(c)'s Security Requirement.**

As discussed above, section 705 incorporates and does not alter preexisting preliminary equitable remedies, and courts analyze requests for section 705 relief using the traditional four-

5

factor preliminary injunction test. Moreover, Plaintiffs' Motion requests preliminary injunctive relief under Federal Rule of Civil Procedure 65. Where, as here, the requested equitable remedy is a preliminary injunction, Rule 65(c) requires Plaintiffs to give security to cover the costs and damages of a wrongfully issued injunction as a condition of the relief. *See* Doc. No. 58 at 51–53.

Posting a bond has been a condition of preliminary injunctive relief in federal courts since 1914. *See* Harv. L. Rev. Assoc., *Recovery for Wrongful Interlocutory Injunctions Under Rule 65(c)*, 99 Harv. L. Rev. 828, 829 n.6 (1986) (citing Clayton Act, ch. 323, §§ 17–18, 38 Stat. 730, 737–38 (1914)). Neither section 705 nor Rule 65(c) excepts preliminary equitable relief under the APA from this requirement. Where, as here, a remedy contemplated by statute would "confer[] the same legal rights upon plaintiffs and impose[] the same legal duties upon defendants as would a preliminary injunction," whether called a preliminary injunction or not, a court must follow the procedures set forth in Rule 65. *Fla. Med. Ass'n, Inc. v. U.S. Dep't of Health, Ed. & Welfare*, 601 F.2d 199, 202 (5th Cir. 1979). Thus, regardless of how the preliminary injunction requested by Plaintiffs is styled, the Court should require Plaintiffs to post a bond as a condition of preliminary relief.

**II.   Proposed Next Steps.**

For the reasons set forth in Defendants' Opposition to Plaintiffs' Motion for a Temporary Restraining Order (Doc. No. 58), the Motion should be denied. If the Court issues a preliminary injunction or stay of the Policy as it applies to new grants, the parties mutually propose that the case proceed to summary judgment and request the following schedule:

- Defendants will produce the administrative record by **July 18, 2025**.

- Plaintiffs will file their motion for summary judgment by **July 28, 2025**.

- Defendants will file their opposition to Plaintiffs' motion for summary judgment and Defendants' cross-motion for summary judgment by **August 7, 2025**.

- Plaintiffs will file their reply in support of their motion for summary judgment and their opposition to Defendants' cross-motion for summary judgment by **August 14, 2025**.

- Defendants will file their reply in support of their cross-motion for summary judgment by **August 21, 2025**.

Dated: July 9, 2025                    Respectfully submitted:

BRETT A. SHUMATE
Assistant Attorney General

LEAH B. FOLEY
United States Attorney

BRIAN C. LEA
Deputy Associate Attorney General

KIRK T. MANHARDT
Director

MARC S. SACKS
Deputy Director

By: /s/ *Bethany R. Theriot*
BETHANY R. THERIOT (D.C. Bar 1022065)
I-HENG HSU (NY Reg. No. 4904033)
Trial Attorneys
U.S. Department of Justice
Civil Division
Corporate/Financial Litigation Section
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044-0875
(202) 307-0244
bethany.theriot@usdoj.gov
i-heng.hsu@usdoj.gov

*Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: July 9, 2025                              <u>/s/ *Bethany R. Theriot*       </u>
                                                 BETHANY R. THERIOT
                                                 Trial Attorney