IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASSOCIATION OF AMERICAN UNIVERSITIES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF DEFENSE, *et al.*, <br><br> Defendants. | Case No. 1:25-cv-11740-BEM |

## **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

On May 14, 2025, discharging his duty as "the steward of the most critical budget in the Federal Government," the Secretary of Defense tasked his Department with developing and implementing a forward-looking policy to achieve a longstanding goal across Administrations: to establish new grant terms that curtail spending on indirect costs, which hampers the government's ability to fund direct scientific research. *See* Doc. No. 72-5 at DOD_AR_000010–11. Reducing reimbursement of indirect costs would enable DoD to "repurpose [$900 million annually] toward applied innovation, operational capability, and strategic deterrence." *Id.* at DOD_AR_000010.

A month later, the Under Secretary of Defense for Research and Engineering's June 12, 2025 memo established DoD policy (the "June 12, 2025 Policy" or "Policy") consistent with the Secretary's guidance, providing a 15 percent indirect cost rate limit for all new assistance awards to IHEs and requiring that outstanding notices of funding opportunities be updated to reflect this change. Doc. No. 72-6 at DOD_AR_000013. The Policy also provided for renegotiation of existing awards to implement the 15 percent indirect cost rate limit, setting a November 10, 2025 deadline to renegotiate. *Id.* Subsequently, DoD will, as permitted by law, terminate any awards

that have not been renegotiated. *Id.*

Plaintiffs—Institutions of Higher Education ("IHEs") and IHE associations—brought this action to challenge the lawfulness of the Policy on various grounds. *See* Compl., Doc. No. 1 ¶¶ 74–122. Pursuant to Federal Rule of Civil Procedure 56 and the Court's order dated July 15, 2025 (Doc. No. 71), Defendants respectfully ask the Court to grant summary judgment for Defendants with respect to all of Plaintiffs' claims. Summary judgment is warranted because jurisdiction over Plaintiffs' claims concerning existing grants is vested solely in the Court of Federal Claims under the Tucker Act, 28 U.S.C. § 1491(a)(1). As to new grants, though the Court determined on preliminary review that Plaintiffs were likely to succeed on the merits, a more fulsome consideration of the merits, including review of the administrative record submitted by DoD, demonstrates the Policy is lawful.

For these reasons, as set forth in the accompanying memorandum of law, Defendants respectfully request that the Court grant Defendants' Motion for Summary Judgment.

Dated: August 7, 2025            Respectfully submitted:

                                             BRETT A. SHUMATE
                                             Assistant Attorney General

                                             LEAH B. FOLEY
                                             United States Attorney

                                             BRIAN C. LEA
                                             Deputy Associate Attorney General

                                             KIRK T. MANHARDT
                                             Director

                                             MARC S. SACKS
                                             Deputy Director

By: /s/ *Bethany R. Theriot*
BETHANY R. THERIOT (D.C. Bar 1022065)
I-HENG HSU (NY Reg. No. 4904033)
Trial Attorneys
U.S. Department of Justice
Civil Division
Corporate/Financial Litigation Section
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044-0875
(202) 307-0244
bethany.theriot@usdoj.gov
i-heng.hsu@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: August 7, 2025                                  /s/ *Bethany R. Theriot*
                                                         BETHANY R. THERIOT
                                                         Trial Attorney