# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| ASSOCIATION OF AMERICAN UNIVERSITIES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF DEFENSE, *et al.*, <br><br> Defendants. | Case No. 1:25-cv-11740 |

## <u>DECLARATION OF LINDSAY C. HARRISON</u>

I, Lindsay C. Harrison, declare as follows.

1.     I am a Partner at Jenner & Block LLP ("Jenner & Block" or the "Firm") and Managing Partner of the Firm's Washington, D.C. office.

2.     I have personal knowledge of the contents of this declaration or have knowledge of the matters based on my review of information and records gathered by Jenner & Block personnel and could testify thereto.  I led the team of Jenner attorneys that litigated this challenge to the Department of Defense's ("DOD") policy imposing a 15% cap on indirect cost rates for universities that receive DOD grant funding.  *See* Dkt. 1-1 (the "Hegseth Memo"); Dkt. 1-2 (the "Michael Memo," and together with the Hegseth Memo, the "Rate Cap Policy" or the "Policy").

3.     DOD first announced its plan for the rate cap in the Hegseth Memo on May 14, 2025.  The Hegseth Memo called for the Under Secretary of Defense for Research and Engineering to take actions to develop and implement the rate cap, and on its face did not call for the immediate implementation of the rate cap.  *See* Hegseth Memo at 1–2.  But as early as May 21, 2025, before

1

the Under Secretary acted, some DOD personnel began notifying universities that all new award submissions were required to comply with the Hegseth Memo's 15% rate cap. Upon learning of these actions, we swiftly reached out to Defendants' counsel requesting that they cease those demands for immediate compliance, and Defendants ceased the early implementation of the rate cap. DOD then issued the Michael Memo, which formalized the Rate Cap Policy, on Thursday, June 12, 2025, but Plaintiffs and their counsel did not learn about the memo until Friday, June 13, 2025, because DOD did not publicly post the memo.

4.      The Michael Memo demanded immediate legal action. As detailed in the 25 declarations we filed in support of Plaintiffs' Motion for a Temporary Restraining Order, the DOD Rate Cap Policy would have caused irreparable harm to Plaintiffs and their members. *See* Exhibits A–Y, Mot. for Temp. Restraining Ord., Doc. No. 13-1–25. The Michael Memo purported to impose the 15% rate cap on all new awards, effective immediately. *See* Michael Memo at 2. Filing suit as quickly as possible, before the Policy could be implemented against Plaintiffs and their members, was critical to preventing irreparable harm. The attorneys listed in this fee petition worked tirelessly over the weekend following the issuance of the Michael Memo to finalize and file a complaint, motion for a temporary restraining order, and 25 declarations on the next business day, Monday, June 16, 2025.

5.      This herculean task would not have been possible had several attorneys on the team not had prior experience challenging materially identical policies. I—along with Ishan Bhabha, Steve Englund, Betsy Henthorne, Anjali Motgi, Zachary Schauf, and Adam Unikowsky—litigated similar suits against materially similar policies issued by the National Institutes of Health ("NIH"), Department of Energy ("DOE"), and National Science Foundation ("NSF"). *See AAU v. Dep't of Health and Hum. Serv.*, No. 1:25-cv-10346 (D. Mass.); *AAU v. DOE*, No. 1:25-cv-10912 (D.

Mass.); *AAU v. NSF*, No. 1:25-cv-11231 (D. Mass.). At the time DOD formalized its policy, we had already won permanent relief from the NIH Rate Cap Policy and preliminary relief from the DOE Rate Cap Policy. *See Massachusetts v. NIH*, 770 F. Supp. 3d 277, 327 (D. Mass. 2025), *judgment entered*, No. 1:25-CV-10338, 2025 WL 1063760 (D. Mass. Apr. 4, 2025), *appeals docketed*, Nos. 25-1343, 25-1344, 25-1345 (1st Cir. Apr. 9, 2025); *AAU v. DOE*, 789 F. Supp. 3d 118, 153 (D. Mass. 2025). NSF at the time had also agreed to voluntarily stay its own policy due to AAU's legal challenge. *See* Notice, *AAU v. NSF*, No. 1:25-cv-11231 (D. Mass. May. 16, 2025), Dkt. No. 50.

6. In the course of litigating those prior suits, we developed distinctive knowledge and specialized skills regarding the statutory and regulatory frameworks governing indirect costs across federal agencies, as well as the factual and legal bases for challenging policies limiting such costs. Our distinctive knowledge and specialized skill in this very specific area of both facts and law were essential to drafting and filing a lawsuit, moving for a temporary restraining order, and coordinating the preparation and filing of 25 fact declarations as quickly as we did—on the next business day after learning of the final Policy as laid out in the Michael Memo.

7. Because our distinctive knowledge and specialized skills were necessary to litigate this suit on an abbreviated timeline, we are requesting an enhanced rate of $500 per hour—which is still well below the hourly rate charged to AAU in this matter—for myself and a subset of attorneys that worked on this as well as prior litigation. These attorneys, all of whom worked on at least two prior suits against the NIH, DOE, or NSF Rate Cap Policy, are:

    a. **Lindsay Harrison.** As noted, I am a Partner at Jenner & Block and the Managing Partner of Jenner's Washington, DC office. I graduated from Harvard Law School in 2003 and clerked for Judge Rosemary Barkett on the U.S. Court of Appeals for

3

the Eleventh Circuit and Judge Alan S. Gold on the U.S. District Court for the Southern District of Florida. I have been an attorney at Jenner & Block for 19 years. I led the litigation teams in challenging the NIH, DOE, and NSF Rate Cap Policies.

b. **Ishan Bhabha.** Ishan Bhabha is Co-Managing Partner of Jenner & Block. He graduated from Harvard Law School in 2009 and clerked for Justice Anthony Kennedy on the Supreme Court of the United States and for Judge Merrick B. Garland on the U.S. Court of Appeals for the D.C. Circuit. He has been an attorney at Jenner & Block for 14 years. Mr. Bhabha worked on the challenges to the NIH, DOE, and NSF Rate Cap Policies.

c. **Steven Englund.** Steven Englund is a Partner at Jenner & Block in its Washington, DC office. He graduated from the University of Michigan Law School in 1989 and clerked for Justice Daniel A. Moore, Jr. of the Alaska Supreme Court, and has been an attorney at Jenner & Block for nearly 19 years. Mr. Englund worked on the challenges to the NIH, DOE, and NSF Rate Cap Policies.

d. **Betsy (Elizabeth) Henthorne.** Betsy Henthorne is a Partner at Jenner & Block in its Washington, DC office. She graduated from Georgetown University Law Center in 2014 and clerked for Justice Elena Kagan on the Supreme Court of the United States, Judge Sri Srinivasan on the U.S. Court of Appeals for the D.C. Circuit, and Judge Gregory H. Woods on the U.S. District Court for the Southern District of New York. Before joining Jenner & Block, Ms. Henthorne was Chief of Staff and Deputy Associate Attorney General at the Department of Justice. Ms. Henthorne worked on the challenges to the NIH, DOE, and NSF Rate Cap Policies.

4

e. **Anjali Motgi.** Anjali Motgi is a Partner at Jenner & Block in its Washington, DC office. She graduated from Yale Law School in 2014 and clerked for Judge Diana Gribbon Motz on the U.S. Court of Appeals for the Fourth Circuit and Judge James E. Boasberg on the U.S. District Court for the District of Columbia. Before joining Jenner & Block, Anjali Motgi was Chief of Staff for the Civil Division at the Department of Justice. Ms. Motgi worked on the challenges to the DOE and NSF Rate Cap Policies.

f. **Zachary Schauf.** Zachary Schauf is a Partner at Jenner & Block in its Washington, DC office. He graduated from Harvard Law School in 2011 and clerked for Justice Elena Kagan on the Supreme Court of the United States and Judge Merrick B. Garland on the U.S. Court of Appeals for the D.C. Circuit. Before rejoining Jenner & Block, Mr. Schauf was a Deputy Assistant Attorney General at the Office of Legal Counsel at the Department of Justice. Mr. Schauf worked on the challenges to the NIH, DOE, and NSF Rate Cap Policies, and presented oral argument before this Court at both the preliminary injunction and summary judgment stages in this case.

g. **Adam Unikowsky.** Adam Unikowsky is a Partner at Jenner & Block in its Washington, DC office. He graduated from Harvard Law School in 2007 and clerked for Justice Antonin Scalia on the Supreme Court of the United States and Judge Douglas H. Ginsburg on the U.S. Court of Appeals for the D.C. Circuit. Mr. Unikowsky has been an attorney at Jenner & Block for 15 years. Mr. Unikowsky worked on the challenges to the NIH, DOE, and NSF Rate Cap Policies, including presenting oral argument at the preliminary injunction hearing in the NIH matter.

8.      In support of AAU's motion for attorneys' fees, I have included as Exhibit 4 a list of time and billing entries for this case, which is a true and correct accounting of time that has been billed or will be billed to AAU.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 19, 2025, in Washington, DC

*/s/ Lindsay C. Harrison*
Lindsay C. Harrison
