# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

ASSOCIATION OF AMERICAN
UNIVERSITIES, *et al.*,

        Plaintiffs,

        v.

DEPARTMENT OF DEFENSE, *et al.*,

        Defendants.

Case No. 1:25-cv-11740

## DECLARATION OF PAUL D. CLEMENT

PAUL D. CLEMENT declares under penalty of perjury that the following is true and correct:

1.      I am a partner in the law firm Clement & Murphy PLLC.

2.      I have personal knowledge of the contents of this declaration or have knowledge of the matters based on my review of information and records gathered in this case by Clement & Murphy personnel. I led the team of Clement & Murphy attorneys that litigated this challenge to the Department of Defense's ("DOD") policy imposing a 15% cap on indirect cost rates for universities that receive DOD grant funding ("Rate Cap Policy" or the "Policy"). *See* Pete Hegseth, Secretary of Defense, *Implementation of a 15% Indirect Cost Cap on Assistance Awards to Institutions of Higher Education* (May 14, 2025), Compl., Ex. A, *AAU v. DOD*, 1:25-cv-11740 (D. Mass. June 16, 2025), ECF No. 1-1; Emil Michael, Under Secretary of Defense, *Implementation of a 15% Indirect Cost Cap on Assistance Awards to Institutions of Higher Education* (June 12, 2025), Compl., Ex. B, ECF No. 1-2. DOD announced the implementation of

1

its Rate Cap Policy on Friday, June 13, 2025, with immediate effect for new grants and required changes to existing grants over the following five months.  ECF No. 1-2 at 2-3.

3.      AAU requests $36,391.91 in attorneys' fees for work done by Clement & Murphy personnel.

4.      As detailed in the 27 declarations filed in support of Plaintiffs' Motions for a Temporary Restraining Order and for Summary Judgment, the DOD Rate Cap Policy would have caused irreparable harm to Plaintiffs and their members. *See* TRO Mot., Exs. 1–25, ECF Nos. 13-1–13-25; Mot. for Summ. J., Exs. A-B, ECF Nos. 75-1 & 75-2.  Filing suit as quickly as possible, and before the Policy could be fully implemented against AAU's members, was critical to preventing such irreparable harm.  The attorneys listed in this fee petition worked over the weekend to file a complaint and a Motion for a Temporary Restraining Order the next business day after the DOD Rate Cap Policy went into effect, June 16, 2025.

5.      This herculean task would not have been possible had several attorneys on the team not had prior experience challenging materially identical policies.  I—along with James Xi—litigated similar suits against materially similar policies issued by the National Institutes of Health ("NIH"), the Department of Energy ("DOE"), and the National Science Foundation ("NSF").  *See AAU v. DHHS*, No. 1:25-cv-10346 (D. Mass.); *AAU v. DOE*, No. 1:25-cv-10912 (D. Mass.); *AAU v. NSF*, No. 1:25-cv-11231 (D. Mass.).  At the time DOD announced its policy, we had already won permanent relief from the NIH Rate Cap Policy and preliminary relief from the DOE Rate Cap Policy.  *See Massachusetts v. NIH*, 770 F. Supp. 3d 277, 327 (D. Mass. 2025), *judgment entered*, No. 1:25-cv-10338, 2025 WL 1063760 (D. Mass. Apr. 4, 2025); *AAU v. DOE*, No. 25-cv-10912, 2025 WL 1119791, at *1 (D. Mass. Apr. 16, 2025) (TRO); 789 F.Supp.3d 118 (D. Mass. May 15, 2025) (Preliminary Injunction).

6.      In the course of litigating those prior suits we developed distinctive knowledge and specialized skills regarding the statutory and regulatory frameworks governing indirect costs across federal agencies, as well as the factual and legal bases for challenging policies limiting such costs.  Our distinctive knowledge and specialized skill in this very specific area of both facts and law were essential to drafting and filing a lawsuit as quickly as we did—over the course of one weekend—and to being in a position to move for injunctive relief and coordinate the preparation and filing of 25 fact declarations within three days of notice that the Policy would be implemented.

7.      Because our distinctive knowledge and specialized skills were necessary to litigate this suit on an abbreviated timeline, we are requesting an enhanced rate of $500 per hour—which is still well below the hourly rate charged to AAU in this matter—for myself and another attorney who worked on this as well as prior indirect rate cost litigation.  These attorneys, who worked on the prior suits against the NIH, DOE, and NSF Rate Cap Policies, are:

   a. **Paul D. Clement**.  As noted, I am a partner at Clement & Murphy PLLC.  I graduated from Harvard Law School, J.D., *magna cum laude*, 1992, Darwin College, Cambridge, M. Phil, 1989, and Georgetown University, B.S., *summa cum laude*, 1988.  After graduating from law school, I served as a law clerk to Associate Justice Antonin Scalia of the Supreme Court of the United States and to the Honorable Laurence H. Silberman of the United States Court of Appeals for the District of Columbia Circuit.  I served as the 43rd Solicitor General of the United States from June 2005 until June 2008. Before my confirmation, I served as Acting Solicitor General for nearly a year and as Principal Deputy Solicitor General for over three years. I have received, among other awards, the Edmund Randolph Award, the U.S. Department of Justice's highest honor. Since 2008, I

3

have worked in private practice as an appellate attorney. I have practiced law for nearly 30 years in federal District Courts, Courts of Appeals, and the Supreme Court of the United States. I led the Clement & Murphy litigation team in challenging the NIH, DOE, and NSF Rate Cap Policies in addition to the DOD Policy at the center of this litigation. My work in this matter included strategic development; drafting, editing, and review of the complaint, temporary-restraining-order and summary-judgment filings, and other papers. Clement & Murphy charged AAU for 14.50 hours of my work on this matter. AAU requests $7,250.00 for that work, applying the requested $500 hourly billing rate. *See.* Atty's Fee Mot. at 13-14 (discussing requested rate).

b. **James Y. Xi.** James Xi is a partner at Clement & Murphy. He graduated from Stanford Law School, J.D., in 2017, and Cornell University, B.S., in 2012. He then served as a law clerk to Associate Justice Brett M. Kavanaugh of the Supreme Court of the United States and to the honorable Jeffrey S. Sutton of the United States Court of Appeals for the Sixth Circuit, as well as serving as an attorney in the United States Department of Justice, Civil Appellate Division. Since 2019, Mr. Xi has worked in private practice. Mr. Xi was instrumental in this litigation by helping with strategic development; drafting, editing, and review of the complaint, temporary-restraining-order and summary-judgment filings, and other papers. He also has been instrumental in the related matters involving NIH, DOE, and NSF, giving him particular expertise in this aspect of administrative law. Clement & Murphy charged AAU for 25.50 hours of Mr. Xi's work on this matter. AAU requests $12,750.00 for that work, applying the requested $500 hourly

billing rate. *See.* Atty's Fee Mot. at 13-14 (discussing requested rate).

8.      In addition to the work that Mr. Xi and I performed in this matter, other Clement & Murphy attorneys and personnel contributed to this case. AAU requests fees for those personnel as follows:

    a.  **Kyle R. Eiswald**. Kyle Eiswald is an associate at Clement & Murphy. Mr. Eiswald graduated from Harvard Law School, J.D., *cum laude*, in 2023, from the Southern Baptist Theological Seminary, M.A., in 2020, from Appalachian State University, B.A., *summa cum laude*, in 2014. He then served as a law clerk to the Honorable Kevin C. Newsom of the United States Court of Appeals for the Eleventh Circuit. In this matter, Mr. Eiswald helped with drafting, editing, and review of the complaint, temporary-restraining-order and summary-judgment filings, and other papers, as well as aiding co-counsel in preparing for oral argument. Clement & Murphy charged AAU for 59.75 hours of Mr. Eiswald's work on this matter. AAU requests $15,916.91 for that work, applying the requested $266.35 and $267.46 hourly billing rates. *See.* Atty's Fee Mot. at 12 (discussing requested rates).

    b.  **Ashley Britton.** Ashley Britton is a senior paralegal at Clement & Murphy. Ms. Britton graduated from California Western School of Law, J.D., in May 2015 and from San Diego State University, B.S., in May 2009. Ms. Britton is a member of the California Bar. An experienced paralegal with extensive experience specific to the U.S. Supreme Court, federal courts of appeals, and federal district courts, Ms. Britton has worked in this field, and with our team specifically, for nearly a decade. Ms. Britton assisted in filing briefs before this Court. Clement & Murphy

5

charged AAU for 2.00 hours of Ms. Britton's work on this matter.  AAU requests $190.00 for that work, applying the requested $95 hourly billing rate.  *See* Atty's Fee Mot. at 14 (discussing requested rate).

    c.  **Ethan Yan.**  Ethan Yan was a paralegal at Clement & Murphy during much of the litigation proceedings in this matter.  Mr. Yan graduated from Yale University, B.A., *summa cum laude*, in 2024.  He had experience specific to the federal courts of appeals and federal district courts.  Mr. Yan assisted in preparing filings before this Court.  Clement & Murphy charged AAU for 3.00 hours of Mr. Yan's work on this matter.  AAU requests $285.00 for that work, applying the requested $95 hourly billing rate.  *See.* Atty's Fee Mot. at 14 (discussing requested rate).

9.    In support of AAU's motion for attorneys' fees and costs for Clement & Murphy attorneys and personnel, I have included as Exhibit 5 a list of time and billing entries for this case, which is a true and correct accounting of time and fees that have been billed to AAU thus far.

10.    The number of hours worked in this case—which encompasses providing strategic counsel, working with co-counsel to draft and file a complaint and briefing motions for a temporary restraining order and summary judgment, and providing support for co-counsel's preparation for oral argument, among other things—is consistent with both Clement & Murphy's general practice and general industry practice.

11.    AAU is entitled to recover attorneys' fees for Clement & Murphy's work by multiplying the number of hours reasonably expended on the litigation by reasonable hourly rates for Clement & Murphy's attorneys and professionals.  Here, that product is $36,391.91.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this March 20, 2026

*s/*Paul D. Clement

Paul D. Clement (admitted *pro hac vice*)
706 Duke Street
Alexandria, VA 22314
Tel: (202) 742-8900
paul.clement@clementmurphy.com

*Attorneys for Association of American
Universities, Association of Public and Land-
grant Universities, and American Council on
Education*

7